UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21007-Civ-COOKE/GOODMAN

JJ ENTERTAINMENT
WORLD, INC., *a Florida corporation,*

    Plaintiff,

vs.

VRSENAL, INC.,
*a Delaware corporation*, *et al.*,

    Defendants.
_____/

### ORDER COMPELLING ARBITRATION AND STAYING CASE

THIS MATTER is before the Court on VRsenal, Inc.'s, Ben Davenport's, Kirk Smith's, and Gabe Halsmer's (collectively the "Defendants") Renewed Motion to Compel Arbitration (ECF No. 38), filed December 12, 2019. Plaintiff filed a memorandum in opposition on February 4, 2020, ECF No. 45, to which Defendants replied on February 12, 2020. ECF No. 48. Thus, the Motion is fully briefed and ripe for adjudication. For the following reasons, the Motion is granted in part.

#### BACKGROUND

On February 8, 2018, Plaintiff JJ Entertainment World Inc. ("Plaintiff") and VRsenal, Inc. entered into a Partners Agreement wherein the parties agreed to continue to negotiate three agreements relating to a potential investment: a Stock Purchasing Agreement, a Shareholders Agreement, and an Operating Agreement (collectively the "Proposed Agreements"). *See* ECF No. 11-1 at 1. The Partners Agreement contains a mandatory arbitration provision. ECF No. 11-1 at 3. The Partners Agreement also refers to a promissory note for a "bridge loan" in the amount of $250,000 that was signed concurrently with the Partners Agreement. ECF No. 11-1 at 2.

On September 18, 2018, Plaintiff and the Defendants signed a promissory note in the amount of amount of $1,150,000, plus interest (the "Note"). ECF No. 1-6. On March 14, 2019, Plaintiff brought a breach of contract claim against the Defendants based on an alleged breach of the Note. ECF No. 1. On April 29, 2019, Defendants filed a motion to stay or dismiss,

arguing the Court should compel arbitration. On October 9, 2019, the Court denied Defendants' request to compel arbitration, finding the scope of the arbitration provision in the Partners Agreement did not cover claims made under the Note. *See* ECF No. 45-1 at 17. On November 7, 2019, Defendants filed their answer, affirmative defenses, and counterclaims. ECF No. 33. Defendants' counterclaims include claims for breach of the Partners Agreement and fraudulently inducing the Partners Agreement. ECF No. 33 at 18-20. Defendants' affirmative defenses include prior material breach of the Note and the Partners Agreement and set-off and recoupment. ECF No. 33 at 9-10. On December 12, 2019, Defendants filed the instant Renewed Motion to Compel Arbitration. ECF No. 38.

## DISCUSSION

The Federal Arbitration Act "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (citing 9 U.S.C. § 3). In ruling on a Motion to Compel Arbitration, the Court must first determine whether the parties agreed to arbitrate the dispute. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004) ("In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in an arbitral forum."). Second, the Court must determine whether the agreement to arbitrate those claims is enforceable. *Id.*

If the Court determines that the parties agreed to arbitrate only some claims, it has the discretion to stay the non-arbitrable claims. *Id.* at 1204. However, "courts generally refuse to stay proceedings of non-arbitrable claims when it is feasible to proceed with the litigation." *Id.* In determining feasibility, the Court will determine "whether arbitrable claims predominate or whether the outcome of the non-arbitrable claims will depend upon the arbitrator's decision." *Id.*

### A. Motion to Compel Arbitration

This Court has already ruled that Plaintiff's claim for breach of the Note is not subject to the arbitration provision in the Partners Agreement, ECF No. 45-1, and it will not revisit that ruling under these circumstances. Accordingly, the Court denies Defendants' motion to compel arbitration of that claim.

However, the Court finds Defendants' counterclaims for breach of the Partners Agreement and fraudulently inducing the Partners Agreement must proceed to arbitration. First, the record is clear that the parties agreed to arbitrate these disputes, and Plaintiff appears

to concede this point. *See* ECF No. 45 at 4. Second, the Court finds there is nothing indicating the agreement to arbitrate these disputes is unenforceable.[1] Accordingly, the Court grants Defendants' motion to compel arbitration of those claims.  Likewise, those claims are stayed pending the completion of the arbitration proceedings.

### B. Motion to Stay

Plaintiff proposes the Court only stay those claims that will proceed to arbitration and allow Plaintiff's claims under the Note to proceed before the Court. ECF No. 45 at 4. Plaintiff argues that it would be feasible to proceed with litigation on the claims for breach (and fraudulent inducement of) the Promissory Note if arbitration were to proceed on the claims arising under the Partners Agreements. ECF No. 45 at 7.

In response, Defendants propose the Court "stay Plaintiff's claims under the Note until Defendants' clearly and closely related claims and defenses under the Partners' Agreement have been decided and adjudicated in arbitration." Defendants argue that if the Court declines to stay Plaintiff's claim under the Note, "Defendants' arbitration rights will have been nullified by requiring them to litigate in this Court their claims and defenses under the Partners' Agreement, likely creating claim preclusion and issue preclusion effects in the arbitration case." ECF No. 48 at 5.

Upon consideration of the record and the arguments of the parties, as well as the relevant legal authorities, the Court will exercise its discretion in staying the case, including the non-arbitrable claims, while Defendants' claims under the Partners Agreement proceed to arbitration. In response to Plaintiff's claim for breach of the Note, Defendants raise affirmative defenses relating to prior material breach of the Partners Agreement and fraudulent inducement of the Partners Agreement. Thus, while the Court agrees with Plaintiff that "regardless of the arbitrator's decision on whether Plaintiffs breached the Partners Agreement, this Court will have to resolve whether any of the parties breached the Promissory Note," ECF No. 45 at 8, the Court finds the outcome of the non-arbitrable claim may depend upon the

---

[1] While Plaintiff argues the Partners Agreement, which contains the arbitration provision, is "an unenforceable, illusory 'agreement to Agree,'" ECF No. 45 at 6, it acknowledges the Court cannot determine the validity of the Partners Agreement. *See Geico Marine Ins. Co. v. Treasure Coast Mar., Inc.*, No. 2:18-CV-14419, 2019 WL 467854, at *2 (S.D. Fla. Feb. 6, 2019) ("A court may resolve a challenge to an arbitration provision itself, but a challenge to an entire contract must be considered by an arbitrator in the first instance."). The Plaintiff does not argue the arbitration agreement itself is unenforceable.

arbitrator's decision. Accordingly, the Court will grant Defendants' motion to stay this case pending arbitration.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendants' Renewed Motion to Compel Arbitration (ECF No. 38) is **GRANTED** *in part* and **DENIED** *in part*. This case is **STAYED** pending the resolution of arbitration as ordered herein. The Clerk shall *administratively* **CLOSE** this matter. The parties shall file a joint status report in 90 days. Within seven (7) days of the completion of arbitration, the parties shall file a motion to reopen this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 6th day of September 2020.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*